## Case No. 13,716,
### The SYRACUSE.
[9 Ben. 348.] [1]

District Court, E. D. New York.  Feb., 1878.

MARITIME LIENS—PROCEEDS OF SALE—MORTGAGE —MERGER.

1. A vessel sold under a final decree in a proceeding in rem is sold free and clear of all incumbrance—all liens or incumbrances upon the vessel are by such a sale transferred from the vessel to the proceeds.

2. No confusion of rights arises from the fact that the purchaser at such sale is at the time owner of a mortgage upon the vessel—the mortgage is not extinguished in such a case, but becomes a charge upon the proceeds of the vessel, and the purchaser of the vessel may, upon petition, obtain payment of the amount due upon the mortgage out of such proceeds, all other claims against the vessel having been satisfied.

[In the matter of the surplus and remnants of the steamboats Syracuse, McDonald, and Ohio.]

Leroy S. Gove, for petitioner.
J. J. Allen, for owner.

BENEDICT, District Judge. The three steamboats above named, having been proceeded against in this court to enforce the payment of certain maritime liens to which they were severally subject, have heretofore been sold under decrees rendered in the actions brought by the several lien creditors. In each instance there remains in the registry of the court of the proceeds of the boat a surplus after paying all the maritime liens. In the case of the Syracuse the surplus is $3,863.64. In the case of the McDonald the surplus is $3,441.67, and in the case of the Ohio the surplus is $1,054.73. The total of these sums is the sum of $8,-360.14. The boats were all owned by the same person. In each of these cases a petition is filed by Thomas Cornell, asking that the said surplus be paid over to him on account of a chattel mortgage upon the three boats, which he claims to own, and upon which, as he asserts, the sum due is greater than the total surplus proceeds arising from all the boats.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.j

The owner of the boats appeared in opposition to the petition, and interposed an oral answer to each petition, denying the right of the petitioner to be paid out of the funds in the registry. The cases were referred to a commissioner to take the proofs, and before the commissioner as well as before the court, the cases were heard together.

Several questions of law and of fact are supposed to be raised by these proceedings, but a single one of which is deemed of sufficient importance to require attention on this occasion. The controversy, it will be observed, is between mortgagor and mortgagee. The vessels have all been sold in proceedings to which all the world were parties. The claims of all parties who have appeared have been paid, save only the claim arising out of a mortgage executed by the owner of the boats, and this owner is the only party before the court that opposes the claim based on the mortgage. The petitioner is an assignee of the mortgage, deriving title from one Belknap, and for the purposes of the present discussion it will be assumed that Belknap was the purchaser of the McDonald and the Syracuse at the marshal's sale, and that he assigned his mortgage to the petitioner subsequent to such sale.

Claiming the facts to be as thus assumed, the owner contends, in respect to these two boats, that the purchase of the boats at the marshal's sale by Belknap, the then holder of the mortgage on the boats, extinguished the mortgage, so that it affords no ground for a claim to the surplus proceeds arising from the sale.

Upon this, the main question of the present controversy, I entertain no doubt. These boats were sold under the decree of a court of admiralty in a proceeding in rem. No right, title, or interest of any one was sold. It was the boats themselves that were sold, and they were sold free and clear of any charge, lien, or encumbrance. It is a misapprehension, therefore, to suppose that what Belknap bought was an equity of redemption. No such interest was exposed for sale. By the sale Belknap became owner of the boats themselves from that time forward, and all prior subsisting liens and encumbrances upon the boats by operation of law passed from the boats to the proceeds of the sale, which thereafter, so far as such liens and encumbrances are concerned, became in law the boats. But the buyer of the boats acquired by his purchase no interest in the proceeds of the sale, nor could he acquire such a right by means of such a purchase. There is no room, therefore, for the application of the doctrine of merger. No confusion of rights arose from the purchase of the boats. On the contrary, the effect of the sale was to prevent the possibility of a confusion of rights.

I am therefore of the opinion that the mortgage, which is the foundation of the petitioner's claim, was not extinguished by the marshal's sale. Some other points were made adverse to the petition, but they do not appear to me to require special attention. One of them, relating to the proof of the amount due upon the mortgage, I understand to be assented to by the petition. All the other objections to the claim of the petitioner are therefore overruled, and the cases sent back to the commissioner for further proof as to the amount due upon the petitioner's mortgage.